IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE ESTATE OF KELLY UNRUH, by
and through administrator Michael
Unruh, *et al.*,

        Plaintiffs,

        vs.                Case No. 16-1262-JTM

PREMIER HOUSING INC. d/b/a
PREMIER HOMES, INC. *et al.*,

        Defendants.

MEMORANDUM AND ORDER

The Complaint filed by Michael Unruh alleges that on June 28, 2014, his home was destroyed by a natural gas explosion which killed his wife and two children. The plaintiffs — the estates of the decedents administered by Unruh, as well as their heirs at law, have filed suit against a number of defendants, including Midwest Energy, Inc, and Tallgrass Interstate Gas Transmission, LLC., alleging the Unruhs could not detect the leaking gas because defendants did not include the warning odor additives required by federal regulations. Midwest and Tallgrass have moved to dismiss the action for lack of federal subjection matter jurisdiction. For the reasons provided herein, the court hereby grants the motion.

While plaintiffs raise numerous causes of action in their complaint, they are all state law claims: strict liability, negligence, negligence per se, violation of the Kansas Consumer Protection Act, breach of implied warranty, violation of the Kansas Products Liability Act, survivorship action, wrongful death action, and wrongful damage to personal property. There is no diversity of citizenship. The only potential basis for federal jurisdiction is the plaintiff's contention that the defendants duty of care underlying their state claims is defined by two federal regulations:  49 C.F.R. § 192.625 (requiring the odorization of natural gas) and 49 C.F.R. § 192.616 (which provides for public education regarding natural gas). There is no separate federal cause of action in the complaint.

For purposes of federal jurisdiction, a case "arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)).

Here, a review of the Complaint and the responses of the defendants establishes that — at least as to Tallgrass and Midwest — the only issues in the case are purely factual in nature. Specifically, did the gas invading the Unruh house have the required odorizer or not? The plaintiffs say it did not, the defendants assert that it did. Did the excess valve meet federal standards, and did the defendants' public education programs meet the standards required by federal law? Again, the parties disagree as to these facts.

What is missing from the case is any substantive federal issue of law which justifies

2

federal jurisdiction. Federal jurisdiction may exist if federal law creates a cause of action, or, where an important federal issue of law is actually disputed between the parties. Such jurisdiction "demands not only a contested federal issue, but a *substantial* one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (emphasis added). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.  *See Gunn v. Minton,* 133 S.Ct. 1059, 1065, 185 L.Ed. 2d 72 (2013) ("federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress").

Federal jurisdiction over cases arising from state causes of action represent a "'special and small category' of cases in which arising under jurisdiction still lies." *Gunn*, 133 S.Ct. at 1064-65 (citing *Empire HealthChoice Assurance v. McVeigh*, 547 U.S. 677, 699 (2006)). The Tenth Circuit has recognized the limited nature of substantial question jurisdiction:

> The narrow boundaries of the substantial question category are marked by a few important principles. For example, the recognition of substantial question jurisdiction does not disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. Nor can federal question jurisdiction depend solely on a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that

> the federal defense is the only question truly at issue. Finally, if a claim does not present a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous cases, but rather is fact-bound and situation-specific, then federal question jurisdiction will generally be inappropriate.

*Becker v. Ute Indian Tribe*, 770 F.3d 944, 947-48 (10th Cir. 2014) (citations and internal quotations omitted).

By itself, "the presence of a claimed violation of [a federal] statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction," especially where Congress omits any federal private cause of action from the regulations. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 805 (1986) (finding no federal jurisdiction for state law negligence claim based on alleged misbranding under the FDCA). The presence of a federal cause of action is "relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." *Grable*, 545 U.S. at 318 (quoting Merrell Dow, 478 U.S. at 810). The absence of a federal cause action is particularly relevant where the "exercis[e of] federal jurisdiction over a state ... action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues." *Id.*

Here, Congress has decided not to create any federal private cause of action for damages with respect to either the odorization or public education natural gas regulations.[1]

---

[1] The plaintiffs correctly note that Congress has authorized some private actions, but such actions are for injunctive relief only. *See* 49 C.F.R. § 190.235; *Columbia Gas Transmission Corp. v. Drain*, 191 F.3d 552, 555 (4th Cir. 1999) ("the Natural Gas Pipeline Safety Act does create a cause of action -- to enjoin violations of or compel compliance with its terms "). The fact that Congress limited Pipeline Act private actions to claims

Moreover, recognition of a federal platform for the state law claims relating to natural gas explosions would create a substantial additional number of cases for federal courts to resolve. These state law claims are now resolved in state courts. While the plaintiffs in their response attempt to minimize the number of cases (Dkt. 30, at 33), the fact remains that an entire class of claims involving natural gas fires or explosions would be subjected to federal jurisdiction.

This exact issue was previously and persuasively addressed in *Delgado v. M. Lipsitz & Co.*, 2014 WL 11456820, at *1 (N.D. Tex. Jan. 28, 2014). There, as here, the plaintiff alleged state court claims of  negligence, negligence *per se*, and strict products liability based on a natural gas explosion where the defendants allegedly failed to comply with the odorization requirements of 49 C.F.R. § 192.625. The plaintiff originally brought the action in state court, and the defendants removed it.

The district court granted the plaintiff's motion to remand the action to state court, finding that the federal issue was not substantial;

> Here, there is no substantial federal issue that supports adjudication in federal court. The federal regulation at issue here, 49 C.F.R. § 192.625, supplies only the standard of care for the Delgado's state law causes of action. The involvement of the regulation is limited to questions specific to the circumstances of the case: whether the regulation is the appropriate standard of care in this case given Texas's negligence per se standard and, if so, whether the Defendants violated the regulation. An analysis of these questions would necessarily be fact-bound and situation-specific. A decision in this case would be unlikely to affect other cases involving similar issues

for injunctive relief *only*, and has not authorized private claims for damages, strengthens the inference that state law claims of negligence *per se* are properly advanced in state court.

and thus is not important to the federal system as a whole. Accordingly, the Court finds that this case presents no substantial federal issue.

*Id*. at *2 (record citation and quotation omitted).

In addition, the *Delgado* court determined that even if the federal issue were deemed "substantial," it would still decline to exercise jurisdiction since this would disturb the existing federal-state balance:

> The Court also finds that exercising jurisdiction in this context would disturb the balance of federal and state judicial authority. Tort law is traditionally within the domain of state courts. In *Grable*, the Supreme Court observed that "'[t]he violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings.'" *Grable*, 545 U.S. at 318–19 (quoting RESTATEMENT (THIRD) OF TORTS § 14, Reporters' Note, Comment a, p. 195 (Tent. Draft No. 1, Mar. 28, 2001)). Thus, a "general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts." *Id*.

> That concern exists here as well. The Delgados assert routine state law tort claims and look to federal law only to supply a standard of care. Such claims are properly in state court. The Court finds that the exercise of federal jurisdiction in this matter would "considerably intrude on state authority." *Singh* [*v. Duane Morris, LLP*], 538 F.3d [334,] 340 [(5th Cir. 2008)]. For this reason, and because the federal interest is not substantial, the Court concludes that it lacks jurisdiction over this matter.

*Id*. at *3.[2]

_____

[2] In their response, the plaintiffs rely on *Elliott v. City of Holly Springs*, 2010 WL 2505599, 7-8 (N.D. Miss. June 2, 2010), but *Delgado* properly distinguished this decision, which failed to make any determination that the federal issue in the case was indeed of a substantial nature, as required by Supreme Court precedent.  *See Delgado*, 2014 WL 11456820, *3 n. 1 ("[b]ecause the *Elliott* court did not address the substantiality of the federal interest, as required by Grable and its progeny, this Court does not rely on its holding").

The District of Minnesota recently reached the same conclusion in *Timmons v. PF Enterprises, Inc.*, 2016 WL 6683539 (D Minn. Nov. 14, 2016). The plaintiff in *Timmons* claimed injuries from an explosion caused in part by the defendant natural gas pipeline operator's negligent failure to odorize the gas as required by 49 C.F.R. § 192.625. The court concluded that federal jurisdiction did not exist, notwithstanding the plaintiff's contention that federal regulations such as the odorization requirement "'were such an important and integral part of her case.'" 2016 WL 6683539, at *5 (record citation omitted).

> "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit .... The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 133 S. Ct. at 1066. The Court discerns no such substantial issue here. *See id.* at 1066 ("In holding [in *Grable*] that the case arose under federal law, we primarily focused not on the interests of the litigants themselves, but rather on the broader significance of the notice question for the Federal Government.")
>
> In addition, the federal issue is not capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *See Grable*, 545 U.S. at 319 ("'The violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings.' A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts." (citation omitted) (footnote omitted)). For these reasons, the Court concludes that Plaintiff's claims do not arise under federal law. The Court lacks subject-matter jurisdiction.

*Id.* at *5-6 (some citations omitted).

This court has reached the same outcome in a case alleging personal injuries arising from a railroad crossing collision. *See Colbert v. Union Pac. R. Co.*, 485 F. Supp.2d 1236 (D. Kan. 2007) (concluding that it did not have jurisdiction to consider the plaintiff's state law

claims merely because these touched on federal safety regulations). While the absence of

a separate federal cause of action is not an absolute prerequisite, it remains:

> a "missing welcome mat." [Grable, 545 U.S. at 313.] The Supreme Court has
> explicitly pointed to state law tort cases where the violation of federal
> statutes is presumed negligence *per se*, as an example of how the lack of a
> private right of action is important in determining legislative intent.

485 F.Supp.2d at 1246.  In addition, the court concluded that federal jurisdiction was not

present because it would disrupt the division of labor between state and federal courts.

Almost all motorist-railroad accidents will touch on federal regulations in some respect,

and the court found no basis for effectively opening all such claims to federal jurisdiction.

"In sum, the Court does not find this case to represent the rare occasion when jurisdiction

based on the substantial federal question doctrine is appropriate." *Id.  See also Swinger v.

Warner-Lambert Co.*, No. 99-1286-WEB, 1999 WL 782352, at *1 (D. Kan. Aug. 13, 1999)

(finding no federal jurisdiction over state negligence *per se* claim resting on alleged drug

misbranding under federal law, 21 U.S.C. § 352)

In their Response to the motions to dismiss, the plaintiffs argue that federal

jurisdiction is warranted by a tariff issued to Tallgrass limiting the requirement to add

odorizor, citing *Prairie Horizon Agri-Energy v. Tallgrass Interstate Gas Transmission*, 2014 WL

7384767 (D. Kan. Dec. 29, 2014). However, in that case the federal tariff was the central

issue in the case, and its construction was the subject of active contention between the

parties. That is, federal jurisdiction was appropriate because "[*t*]*he ambiguity of Section

4.1(B)(2) necessarily requires construction* of the tariff to determine what duty or obligation

was owed by defendant. *See* 2014 WL 7384767 at *3 (emphasis added). Here, the plaintiffs

have merely cited to a potential application of the tariff as a hypothetical defense, and have failed to show any ambiguity in its allocation of the responsibility for odorization.

More importantly, as noted earlier, the court judges the existence of federal jurisdiction on the basis of the face of the plaintiffs' Complaint. And the voluminous, 70-page, 335-paragraph Complaint filed by the plaintiffs does not mention the tariff now advanced by the plaintiffs, nor does it otherwise identify any important issue of federal law. The only basis for federal jurisdiction actually cited in the Complaint is the contention that the cited portions of the Pipeline Safety Act define the standard of care for their state law claims. The Complaint presents a series of fact specific issues to state law claims. As set forth in *Delgado* and *Timmons*, the existence of federal regulations as a standard of care is insufficient to support federal jurisdiction over those state law claims. The plaintiffs seek to present claims based on Kansas law which do not "sensibly belong in a federal court." *Grable*, 545 U.S. at 315.

And even if the court were to find a substantial federal issue to resolve, it would decline to exercise jurisdiction so as to avoid "disturb[ing] the balance of federal and state judicial authority." *Delgado*, 2014 WL 11456820, at *3. While the plaintiffs seek to minimize the actual numbers of potential cases which would effectively be transferred to federal courts, the fact remains that an entire class of litigation would change from primarily state jurisdiction to federal oversight.[3]

---

[3] In addition to the issue of federal jurisdiction, Midwest presents a separate argument as to the scope and effect of plaintiffs' KPLA claims. The plaintiffs acknowledge that, "[o]bviously, if the Court ... finds it lacks subject matter jurisdiction

over this case, then it should not address [Midwest]'s second argument."  (Dkt. 30, at 34).

IT IS ACCORDINGLY ORDERED this 19th day of January, 2017, that the defendants'

Motions to Dismiss (Dkt. 14, 20) are hereby granted for lack of subject matter jurisdiction.

Plaintiff's Motion for Leave to File Oversize Briefs (Dkt. 28) is granted.


    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE